UNITED STATES DISTRICT COURT
for the DISTRICT OF MASSACHUSETTS

No. 2021-

GIL WALZER,
        Petitioner,

v.

JAMIE WALZER,
        Respondent.

**VERIFIED REDACTED COMPLAINT FOR
RETURN OF MINOR CHILDREN TO ISRAEL
PURSUANT TO THE APPLICABLE HAGUE CONVENTION and
FEDERAL LAW, and other associated relief**

**1.0    JURISDICTION AND VENUE.**

1.1    <u>Jurisdiction</u> is based on the **Convention on the Civil Aspects of International Child Abduction** (hereafter **Convention**) **(Exhibit 1)**, done at the Hague on 25 October 1980, effective in these United States on July 1, 1988 as published in the Federal Register, Vol. 53, No. 122, Friday, June 24, 1988, p. 23843.

FN1    The Petitioner also asks this Honorable Court to take Judicial Notice of the

---

[1] The objects of the Convention are:
Article 1(a) to secure the prompt return of child wrongfully removed to or retained in any Contracting State; and
Article 1(b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.
Article 3 provides that the removal or the retention of a child is to be considered wrongful where -- "(a) it is <u>in breach of rights of custody</u> attributed to a person ... under the law of the State in which the child was habitually resident immediately before the removal or retention;" and "(b) at the time of the removal or retention <u>those rights were actually exercised</u> either jointly or alone, or would have been so exercised but for the removal or retention." (Emphasis supplied).

**"Analysis of Hague Convention,"** prepared by the U.S. State Department (**Exhibit 2**).

1.2   Both the USA and Israel have been signatories (Contracting States) to the Convention at all relevant times.

1.3   <u>Jurisdiction</u> is also based on the **International Child Abduction Remedies Act** (hereafter **ICARA**), 42 U.S.C. 11601, 11603(a) (**Exhibit 3**), [FN 2] which establishes procedures for implementation of the Convention in the United States. ICARA states at §11601:

> (b)(1)   It is the purpose of this chapter to establish procedures for the implementation of the Convention in the United States.
>
> (b)(2)   The provisions of this chapter are in addition to and not in lieu of the provisions of the Convention.
>
> ***
>
> (b)(4)   The Convention and this chapter empower the court in the United States to determine <u>only rights under the Convention and not the merits of any underlying child custody claims.</u> (Emphasis added).

---

[2] The **International Parental Kidnapping Crime Act** (IPKCA), 18 U.S.C. 1204 (1993) makes it a federal felony to remove a child from the USA or to retain a child (who has been in this country) outside the USA with intent to obstruct the lawful exercise of parental rights, it does not pertain to a parent bringing a child into the USA and retaining the child here against the language of a clear order from another country which gives a parent in that other country parental rights. However, the core values enunciated by IPKCA are clearly applicable to the case at bar.

1.4     The Petitioner asks this Honorable Court to take Judicial Notice of the **ICARA Regulations**, 22 CFR Part 94 - International Child Abduction (**Exhibit 4**).

1.5     As described in detail below, the parties traveled to Massachusetts on June 30, 2021 for a summer vacation with their three minor children. The original return date was July 28, 2021 but the parties extended the trip by agreement to August 11, 2021. Respondent refused to permit the children to return to Israel on August 11, 2021 and continues to retain them in Newton, Massachusetts over Father's objection.

1.6     As a result, Petitioner began the process of seeking the return of the children, pursuant to the Convention, through the Central Authority in Israel, to which he submitted a request for return under Article 8 of the **Convention (Exhibit 5)**. The Central Authority in Israel processed the application and forwarded it to the United States Central Authority **(Exhibit 6)**. Petitioner has engaged your undersigned counsel to assist with his Petition for the children's return.

1.7     Because the Respondent continues to wrongfully retain the parties' children in Massachusetts, today, September 1, 2021, the Petitioner is herewith filing this civil action, seeking an immediate return of the children to Israel and other associated relief.

1.8     The Petitioner's actions, as described in ¶¶ 1.5 and 1.6, respectively, are each sufficient to comply with the Convention's one-year jurisdictional requirement.

1.9 Before Respondent retained the parties' children in Massachusetts, Petitioner was exercising his rights to custody by virtue of living with his wife and children and co-parenting the children. Petitioner and Respondent have raised their three children together as co-parents since their birth.

1.10 <u>Venue</u> is based on the presence of the children in this District at 22 Nightingale Path, Newton, MA 02459 as of the commencement of this action.

## 2.0   SUMMARY OF RELIEF REQUESTED.

2.1 This complaint seeks the immediate return to Israel of the parties' minor children, **AW**, who was born in Massachusetts on March XX, 20XX and is now age 10, **SW**, who was born in Israel on January XX, 20XX and is now age 7, and **DW**, who was born in Israel on September XX, 20XX and is now age 5 (hereafter referred to as **CHILDREN** or **AW, SW, and DW**) and who are being wrongfully retained in Massachusetts by Respondent.

2.2 This complaint asks this court to not take plenary or subject matter jurisdiction over issues of child custody, visitation or support, but jurisdiction only for the purpose of entering of: (a) an order the children be returned to Israel, which is the children's habitual residence; and (b) all necessary collateral orders.

### 3.0   PARTIES.

3.1    The Petitioner, **GIL WALZER** (hereafter **FATHER**), now age 50 was born in Israel and is a dual citizen of the United States and Israel. **FATHER'S** address is 3 HaAgam Street, Hanaton, Israel.

3.2    The Respondent, **JAMIE WALZER, a/k/a ELISHEVA WALZER,** (hereafter **MOTHER**), now age 43, was born in Massachusetts but moved to Israel in 2013 after the parties' marriage and is a dual citizen of the United States and Israel. Mother has lived continuously in Israel from September 23, 2013 until June 30, 2021, when the parties and their children traveled to Massachusetts to visit **MOTHER'S** family, and thereafter, **MOTHER** refused to return to Israel with the children.

### 4.0   FACTUAL BACKGROUND.

4.1    The parties were married on April 15, 2010 in the United States and May 10, 2010 in Israel. The parties resided in the United States until September 23, 2013 when the family moved to Israel where they have lived continuously since.

4.2    The parties have three children, **AW**, **SW** and **DW**, all of whom hold dual Israeli and US Citizenship.

4.3    **CHILDREN** have been issued passports from the United States of America as well as Israel. **AW** and **DW's** Unites States Passports expired in 2020 but

while visiting Massachusetts, the parties applied for new passports.

4.5 When **MOTHER** advised **FATHER** that she wanted to stay in the United States, **FATHER** objected as the **CHILDREN'S** habitual residence is Israel. **FATHER** works in Israel and the children attend school in Israel. **MOTHER** historically worked in Israel, albeit collected unemployment last year. **MOTHER** unilaterally changed her and the **CHILDREN'S** flights and hid all passports from **FATHER**.

4.7 **MOTHER** has violated the Convention and ICARA.

### 5.0 CURRENT CONTROVERSY.

5.1 On June 30, 2021, **FATHER, MOTHER,** and **CHILDREN** arrived in the United States for a planned family vacation which was expected to end July 28, 2021 with the return of the entire family to Israel **(Exhibit 7)**. Due to changes in plans, **FATHER** and **MOTHER** agreed to extend their trip until August 11, 2021 and rescheduled the flight accordingly **(Exhibit 8)**. They traveled to Vermont as a family for the period July 28, 2021 – August 8, 2021 and planned to return to Massachusetts in time to obtain the necessary COVID tests in order to board their flight back to Israel on August 11, 2021.

5.2 Just before leaving for Vermont, **MOTHER** told **FATHER** she

objected to returning to Israel and wanted to stay in Massachusetts, get a job and send the children to school here. **FATHER** did not agree with **MOTHER'S** desired plan and it was discussed at length during the Vermont trip. On or about August 9, 2021, **MOTHER** changed the flights for herself and the **CHILDREN**. Prior to leaving for Vermont, **MOTHER** hid the family's passports from **FATHER**.

5.3 On returning to Massachusetts, **MOTHER'S** parents asked **FATHER** to leave their home. **FATHER** had no choice but to leave at which point his access to the **CHILDREN** became restricted, but for one occasion, to times when **MOTHER** would allow him to see the **CHILDREN** outside. **FATHER** initially stayed in a local motel and then with a local friend. Eventually, **MOTHER** returned **FATHER'S** passport so that he could return to Israel.

5.4 **FATHER** returned to Israel on August 24, 2021 by himself.

5.5 Prior to the **CHILDREN** being wrongfully retained in the United States, **FATHER** had an active role in caring for the **CHILDREN** with **MOTHER** as a **FAMILY** in Israel.

5.6 **CHILDREN** are being wrongfully retained by **MOTHER** in this District. **FATHER** believes **CHILDREN** are being wrongfully withheld at the house of **MOTHER'S** parents.

5.7 On August 26, 2021, **MOTHER** advised **FATHER** that she will be

enrolling **CHILDREN** in public schools in Massachusetts over **FATHER'S** objection. **CHILDREN** are already been enrolled in school in Israel **(Exhibit 9)**. **FATHER** objects to **MOTHER** unilaterally enrolling the **CHILDREN** in school in the United States.

5.8  **MOTHER**'s conduct constitutes a wrongful retention of **CHILDREN** in the United States within the meaning of Article 3 of the Convention.

### 6.0  IRREPARABLE HARM.

6.1  **MOTHER**'s wrongful retention of **CHILDREN** from **FATHER** and from Israel has caused immediate and irreparable harm to both **CHILDREN** and **FATHER**.

6.2  **MOTHER**'s violation of the Convention has attempted to divest the courts of Israel of their exclusive jurisdiction over issues of **CHILDREN'S** legal and physical custody, to the irreparable harm of **CHILDREN** and **FATHER**.

6.3  The above described conduct of **MOTHER** continues to cause irreparable harm to both **CHILDREN** and **FATHER**.

6.4  **MOTHER**'s wrongful retention of **CHILDREN** in this District has improperly interrupted and, in fact cut **FATHER** out of **CHILDREN'S** lives attempting to sever the close and loving relationship between **FATHER** and

**CHILDREN.** In doing so, **MOTHER** also interrupted **CHILDREN's** schooling in Israel, causing irreparable harm to **CHILDREN**.

6.5    An Order of Notice and a speedy hearing are required to ameliorate the irreparable harm to **CHILDREN** and **FATHER** and, as well, to comply with the Convention and ICARA.

### 7.0    THE LAW OF ISRAEL RELEVANT TO THIS MATTER.

7.1    In Israel both **FATHER** and **MOTHER** have legal rights and responsibilities for minor children. **MOTHER** did not have a right to unilaterally retain **CHILDREN** in Massachusetts without the consent of **FATHER** or to permanently remove them from their habitual residence in Israel.

### 8.0    RELIEF REQUESTED.

**WHEREFORE, FATHER** respectfully requests this Honorable Court:

8.1    Issue an Order prohibiting the **CHILDREN** from being removed temporarily or permanently from this Commonwealth pending resolution of or further orders in this case.

8.2    Issue an Order of Notice.

8.3    Upon the Return of the Order of Notice to find:

a.  that **MOTHER's** conduct constitutes a wrongful retention of **CHILDREN** in the United States; and

b.  that, at the time of the wrongful retention, **FATHER** was exercising his custodial parenting rights (as defined under Israeli law) within the meaning of Article 3 of the Convention.

8.4  Upon the Return of the Order of Notice to enter orders:

a.  for the immediate return of **CHILDREN** back to their habitual residence in Israel at **MOTHER'S** expense;

b.  requiring **MOTHER** to immediately deliver the **CHILDREN** back to Israel or, in the alternative, to pay the costs for **FATHER** to immediately travel to Massachusetts for the sole purpose of receiving custody of the **CHILDREN** to escort them back to Israel;

c.  requiring **MOTHER** to immediately deliver **CHILDREN'S** United States and Israeli passports to the Clerk of this Court and to order that the said Clerk, in turn, deliver said documents to **FATHER**; and

d.  that the Newton police, Massachusetts Police and Deputy Sheriffs, and any other law enforcement agencies of the Commonwealth of Massachusetts be permitted to serve the summons on **MOTHER** and said documents, pursuant to the orders requested in herein;

8.5    to hold a prompt hearing on the prayers of this Complaint;

8.6    to order that all matters relating to **CHILDREN**, including custody, care, control, access, abuse prevention, and visitation be heard in Israel, pursuant to the applicable provisions of Federal law, including the Hague Convention;

8.7    to restrain **MOTHER** from commencing any court action concerning **CHILDREN** in any United States court, including restraining her from filing any action in any Massachusetts state court for any reason relating to **CHILDREN** or **FATHER**;

8.8    to order **MOTHER** to pay **FATHER's** expenses, costs and legal fees as required by ICARA, 42 U.S.C. 11607 (b) (3); and

8.9    to make such further orders as this Honorable Court deems mete and just.

September 1, 2021                          Respectfully submitted,

                                                   **Gil Walzer,**
By his attorneys,

By: *Wendy O. Hickey*
Wendy O. Hickey, BBO #657457
Valerie E. Cooney, BBO #675985
Brick, Jones, McBrien & Hickey LLP
250 First Ave., Suite 201
Needham, MA 02494
P: (617) 494-1227;
whickey@brickjones.com
vcooney@brickjones.com

## VERIFICATION

I, Gil Walzer, state that the facts contained within this complaint are true to the best of my knowledge and belief, and as to those upon belief, I believe them to be true.

Signed under the pains and penalties of perjury this 1 day of September, 2021.

*Gil Walzer* /s/